## MEYERCORD CO. v. PALM BROS. DECALCOMANIA CO.

Circuit Court of Appeals, Sixth Circuit. April 5, 1929.

### No. 5085.

Wm. F. Freudenreich, of Chicago, Ill. (Percival D. Oviatt, of Rochester, N. Y., and Clark Wilby, of Cincinnati, Ohio, on the brief), for appellant.

H. A. Toulmin, Jr., of Dayton, Ohio (H. A. Toulmin, of Dayton, Ohio, on the brief), for appellee.

Before MOORMAN, MACK, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge. This is a suit for infringement of the Meyercord patent, No. 1,104,126, which relates to decalcomania transfers. There are three claims in the patent.[1] Claims 1 and 2, which are product claims, were held by the lower court to be invalid for lack of invention. Claim 3, the process claim, was held valid but not infringed by the defendant's product.

A decalcomania is a lithograph printed upon paper coated with a soluble adhesive that releases the paint and color form upon wetting to permit it to be transferred from the paper to some other object. It is made ordinarily in imitation of an oil painting. Such paintings have upon them raised places or ridges of paint that are made by the artist's brush. It is desirable that the face of the imitation have a like appearance. The

---

[1] 1. A decalcomania transfer for imitating an oil painting comprising a print having a flat face on the side which is to be exposed after the transfer and on the other side a face in relief.

2. A decalcomania transfer for imitating an oil painting comprising a print having a flat face on the side which is to be exposed after the transfer and having on its opposite face high spots formed by sucessive printings upon the completed flat print.

3. The method of forming a relief decalcomania transfer in imitation of an oil painting, which consists in making the usual flat print and then forming the relief by building up high spots on the back face of the print by sucessive printings of the areas to be raised.

plaintiff accomplishes this by building up high spots on the back of its picture which stand out in relief on its face when it is transferred. In making a decalcomania it is necessary that there be more printings of some colors than others in order to get the desired shades. These additional successive printings tend to build up reliefs, but the tendency is so slight that when a picture is transferred the side that is exposed to view, while not absolutely flat, has so little relief as to render it almost unappreciable. Furthermore, the reliefs as thus made do not correspond or conform to the brush marks and raised places on the original. The picture which plaintiff makes has reliefs corresponding to the original in a marked degree. It claims to have originated the decalcomanias that make such pictures.

The product claims of the patent relate to a decalcomania before it is transferred. The lower court thought that these claims were anticipated by Meyer, No. 473,767, and by decalcomanias which Reeves & Co. manufactured prior to the patent in suit. Samples of the Reeves & Co. product were introduced in evidence. We agree that the Meyer patent anticipates these claims. We further think that what plaintiff claims for its product—that is, a flat face on the side to be exposed after the transfer, and on the other side a face in relief—is to be found, in a lesser degree, in Koskul, No. 240,255, Schumacher, No. 447,087, and Kraut, No. 705,-590. The fact that the reliefs are built up by hand in some of these patents rather than by color plates does not, of course, affect equivalency as to the product. There is, as we have said, a slight building up in the process of additional printings for color shades and effects. The claims in question seem broad enough to be read upon all such products. Yet we do not consider them in so broad a sense, but from the point where the coloring process ends, and still they claim nothing, we think, over the prior art.

The process called for in claim 3 of the patent is, in our opinion, new and valuable. Its first steps are to print the colors upon paper having on its face a thin surface of soluble adhesive, build up those colors by as many successive printings as is necessary to produce the desired shades, and then spread over the face of the colors so printed a binding coat of white to bind the colors together. Up to this point the defendant also uses this method, which is old. From this point they use methods somewhat similar but differing, as defendant claims, in purpose and results. The plaintiff builds up high spots by successive printings in any color upon the colors that it wants to stand out in relief when the transfer is made. The defendant builds up a background for certain colors by successive printings in white. The result of its process, as it contends, is color shades and not relief. We have no doubt that this additional white background does accentuate the tones and colors of the picture. The evidence shows, though, even the defendant's evidence, that it also tends to cause some relief when the transfer is made. It is not clear, however, that it tends to produce reliefs corresponding with the original. Whether the parties do the work with regular or special plates we think is immaterial. Each does the additional printing, the defendant in white and the plaintiff in any color. The result which plaintiff seeks and obtains is relief simulating the brush marks. The defendant does not seek relief, nor does it obtain it in a noticeable degree; it seeks and obtains color shades and tones.

The claim, we think, is a perfectly valid one. It is not important that it does not fix the point at which the printing of the color design is to be finished and the printing of the relief begun. It deals with the building up of reliefs and not with colors. The defendant uses a different process—obtaining color tones. It has the right, we think, to use as many successive printings as are necessary to build up a background that will give to its picture the color tones desired, even though it results, and it necessarily does result, in some building up. It has not the right, after it has thus obtained these color tones, to build up high spots or reliefs. We do not find that it has done this, indeed, we have discovered the very least perceptible, if any, relief in the exhibits which plaintiff introduced as evidence of infringement.

The decree is affirmed.